UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-02308 CAS (JCx) | Date | September 5, 2008 |
|---|---|---|---|
| Title | Mike Padilla Hernandez v. City of Santa Barbara, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** **(In Chambers) Defendants County of Santa Barbara and Santa Barbara Sheriff's Department's Motion to Dismiss and to Strike Punitive Damages** (filed 7/25/2008)

**(In Chambers) Defendants City of Santa Barbara and Santa Barbara Police Department's Motion to Dismiss or for a More Definite Statement and to Strike Punitive Damages** (filed 7/29/2008)

**(In Chambers) Defendants City of San Buenaventura and City of San Buenaventura Police Department's Motion to Dismiss** (filed 7/30/2008)

**(In Chambers) Defendants County of Ventura and Ventura County Sheriff's Department's Motion for Summary Judgment** (filed 7/30/2008)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 8, 2008, is hereby vacated, and the matter is hereby taken under submission.

**I.  INTRODUCTION AND BACKGROUND**

Plaintiff filed the instant action in Santa Barbara County Superior Court on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-02308 CAS (JCx) | Date | September 5, 2008 |
|---|---|---|---|
| Title | Mike Padilla Hernandez v. City of Santa Barbara, et al. | | |

October 12, 2007.[1]  On April 8, 2008, the action was removed to this Court.  On April 28, 2008, upon stipulation by the parties, the Court granted plaintiff leave to amend his complaint.  On July 3, 2008, plaintiff filed his first amended complaint ("FAC"), seeking relief under 42 § U.S.C. 1983 ("§ 1983").  FAC ¶ 1.  In his FAC, plaintiff alleges that on October 13, 2006, he was a passenger in a car that was pursued by police officers in Ventura and Santa Barbara counties.  FAC ¶¶ 7-9.  Plaintiff alleges that Santa Barbara peace officers and other named defendants then fired weapons into the vehicle, without provocation, causing plaintiff serious injury.  FAC ¶ 10.  Plaintiff alleges that defendants' conduct was done under color of law and that defendants acted with "sadistic and malicious intent," in violation of plaintiff's Fourth Amendment rights.  FAC ¶ 12.  Plaintiff seeks compensatory and punitive damages and attorneys' fees and costs.  FAC at 3.

On July 25, 2008, defendants Santa Barbara Sheriff's Department and County of Santa Barbara (collectively, "the Santa Barbara County defendants") filed the instant motion to dismiss plaintiff's FAC and to strike punitive damages.  On July 29, 2008, defendants City of Santa Barbara and Santa Barbara Police Department (collectively, "the Santa Barbara City defendants") filed the instant motion to dismiss plaintiff's FAC or for a more definite statement and to strike punitive damages.[2]  On July 30, 2008, defendants City of San Buenaventura (erroneously sued as City of Ventura) and San Buenaventura Police Department (erroneously sued as Ventura Police Department) (collectively, "the San Buenaventura City defendants") filed the instant motion to dismiss.  On July 30, 2008, defendants County of Ventura and Ventura County Sheriff's Department (collectively, "the Ventura County defendants") filed the instant motion for summary judgment.  Plaintiff filed no oppositions.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

---

[1] Defendants in the instant action are County of Santa Barbara, Santa Barbara Sheriff's Department, City of Santa Barbara (including the Santa Barbara Police Department), City of San Buenaventura, San Buenaventura Police Department, County of Ventura, Ventura Sheriff's Department, and Does 1 to 20.

[2] Defendant City of Santa Barbara states in its motion that defendant Santa Barbara Police Department is part of the City of Santa Barbara, and was erroneously sued as a separate entity.  Santa Barbara City Defendants' Mot. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-02308 CAS (JCx) | Date | September 5, 2008 |
|---|---|---|---|
| Title | Mike Padilla Hernandez v. City of Santa Barbara, et al. | | |

## II.  LEGAL STANDARDS

### A.  MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-02308 CAS (JCx) | Date | September 5, 2008 |
|---|---|---|---|
| Title | Mike Padilla Hernandez v. City of Santa Barbara, et al. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    SUMMARY JUDGMENT**

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-02308 CAS (JCx) | Date | September 5, 2008 |
|---|---|---|---|
| Title | Mike Padilla Hernandez v. City of Santa Barbara, et al. | | |

party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### C. MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)

Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

### D. MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

### III. DISCUSSION

The Santa Barbara County defendants move to dismiss plaintiff's FAC on the ground that plaintiff fails to allege that any custom or policy of the County caused the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-02308 CAS (JCx) | Date | September 5, 2008 |
|---|---|---|---|
| Title | Mike Padilla Hernandez v. City of Santa Barbara, et al. | | |

alleged constitutional violation, and therefore, under <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 694 (1978), they cannot be held liable.[3] Santa Barbara County Defendants' Mot. at 3.  Similarly, the Santa Barbara City defendants move to dismiss plaintiff's FAC on the ground that plaintiff has failed to allege any deliberate action on the part of the municipality as required by <u>Monell</u>.[4]  Santa Barbara City Defendants' Mot. at 6.

The San Buenaventura City defendants also move to dismiss plaintiff's claim under <u>Monell</u>, arguing that plaintiff fails to allege that a municipal custom or policy caused the alleged constitutional violation at issue.  San Buenaventura City Defendants' Mot. at 2.  Furthermore, they argue that plaintiff has failed to establish necessary elements of a § 1983 claim, including proximate causation.  <u>Id</u>. at 5.  Finally, they argue that they cannot be held liable for the injuries plaintiff incurred, because they did not have the requisite level of fault.  <u>Id</u>. at 8.

Ventura County defendants move for summary judgment on the ground that they were uninvolved in the events giving rise to the litigation.  Ventura County Defendants' Mot. at 2.  They additionally argue that summary judgment is warranted because the Sheriff's Department is immune from damage suits under the Eleventh Amendment, and the County plays no role in law enforcement.  <u>Id</u>. at 4.  Finally, they argue that summary judgment is appropriate because plaintiff fails to allege any of the elements required under <u>Monell</u>.  <u>Id</u>. at 8.

Because plaintiff does not oppose any of the motions filed by defendants, the Court GRANTS the motions to dismiss by the Santa Barbara County defendants, the Santa Barbara City defendants, and the San Buenaventura City defendants.  In addition, the Court GRANTS the Ventura County defendants' motion for summary judgment.

---

[3] The Santa Barbara County defendants also move to strike allegations of punitive damages pursuant to Fed. R. Civ. P. 12(f).  Because the Court grants their motion to dismiss herein, the Court need not reach this issue.

[4] The Santa Barbara City defendants also move for a more definite statement pursuant to Fed. R. Civ. P. 12(e) and to strike allegations of punitive damages pursuant to Fed. R. Civ. P. 12(f).  Because the Court grants their motion to dismiss herein, the Court need not reach these issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-02308 CAS (JCx) | Date | September 5, 2008 |
|---|---|---|---|
| Title | Mike Padilla Hernandez v. City of Santa Barbara, et al. | | |

    The Court grants plaintiff 15 days in which to file a second amended complaint. Plaintiff is cautioned that if he does not amend his complaint within 15 days, the action as against the Santa Barbara County defendants, the Santa Barbara City defendants, the San Buenaventura City defendants, and the Ventura County defendants will be dismissed with prejudice.

    IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |